IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHARON RUDO, | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION NO. |
| LIFE INSURANCE COMPANY OF NORTH AMERICA, | : |
| Defendant. | : |

## COMPLAINT IN CIVIL ACTION

1. This is an action arising under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq. (hereinafter "ERISA"), to redress the wrongful denial of short term disability benefits.

### JURISDICTION AND VENUE

2. This action is brought pursuant to 29 U.S.C. § 1132(a)(1)(B). This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1).

3. Venue is proper in this district pursuant to 29 U.S.C. § 1132(e)(2) because the acts complained of occurred within this district.

### PARTIES

4. Plaintiff Dr. Sharon Rudo (hereinafter "Plaintiff" or "Dr. Rudo.") is and at all relevant times was a Pennsylvania resident with an address of 1509 County Line Road, Bryn Mawr, PA 19010.

5. Plaintiff alleges that Life Insurance Company of North America (hereinafter "Defendant") is and at all relevant times was a corporation authorized to transact the business of

insurance in Pennsylvania and was the claims administrator for the Merck Sharp & Dohme Corporation Disability Plan, Policy Number SHD0985113 (the "Plan").

## FACTUAL BACKGROUND

6. Plaintiff is employed by Merck Sharp & Dohme Corporation ("Merck") as the Director of Clinical Safety and Risk Management.

7. Plaintiff, through her employment at Merck, is a participant in the Plan and is covered by the policies that provide short-term disability (STD) benefits under the Plan.

8. The Plan requires that STD payments "begin on the first date that [the employee] is absent from work due to an illness, injury or medical condition and may continue for up to 26 weeks, provided the Claims Administrator determines that [the employee] is Disabled."

9. The Plan defines "Disabled" as "unable to work for an extended period due to non-work-related illness, injury or medical condition that prevents you from performing all the material duties of your own job or any other job offered to you by an Employer for which you are qualified, provided the offered job has at least the same level of pay and benefits."

10. As the Director of Clinical Safety and Risk Management, Dr. Rudo is responsible for the overall clinical risk management and safety surveillance of assigned investigational and marketed drugs/vaccines.

11. The material duties of Dr. Rudo's job include, but are not limited to, handling all aspects of safety monitoring, including assessing safety information and ensuring completeness of safety information in worldwide package circulars. In order to perform these duties, Dr. Rudo must be able to focus intensely on highly detailed documents and information for extended periods of time.

12. Dr. Rudo has a history of suffering from migraine headaches, but in the past has been able to treat her condition by prescription medication.

13. Earlier this year, Dr. Rudo began experiencing chronic and debilitating headaches on a regular basis, despite the medications that she was taking.

14. The headaches caused Dr. Rudo tremendous pain and prevented her from focusing and concentrating for any length of time. As a result, Dr. Rudo could not perform any of the material duties of her job as the Director of Clinical Safety and Risk Management at Merck.

15. Due to her migraines, Dr. Rudo was admitted to Paoli Hospital where she remained from January 25, 2017 through January 27, 2017, and where it was confirmed that she was suffering from intractable migraines and that those migraines were resistant to the medications she was previously taking.

16. On or about January 27, 2017, following her three-day stay at Paoli Hospital for intractable migraines, Dr. Rudo submitted a claim for STD benefits under the Plan

17. Although she was discharged from Paoli Hospital, Dr. Rudo continued to suffer from her migraines and continued to be unable to focus or concentrate. After leaving Paoli Hospital, Dr. Rudo treated for her migraine condition with her neurologist, Dr. Craig Gardner of Great Valley Neurological Associates.

18. The medical records regarding Dr. Rudo's hospital stay and subsequent treatment state that Dr. Rudo was suffering from constant and debilitating intractable migraines that prevented her from focusing and concentrating, that the medications previously used to treat those migraines were no longer working, and, as a result, Dr. Rudo was unable to perform the day-to-day duties of her job at Merck.

19. Despite the foregoing, Defendant denied the claim for short-term disability by letter dated March 20, 2017.

20. Dr. Rudo subsequently appealed the denial of STD benefits under the Plan.

21. While her appeal was pending and after it was denied, Dr. Rudo continued to treat for her migraine condition and remained unable to perform the day-to-day duties of her job.

22. During this period of time, Dr. Rudo's migraines were so debilitating that she was admitted to inpatient care at Thomas Jefferson Hospital from May 4 through May 9, 2017.

23. The Jefferson hospital records state that Dr. Rudo's migraines were resistant to medication and that "*inpatient hospitalization [was needed] to break the cycle of her headaches.*"

24. Needless to say, Dr. Rudo could not perform the material duties of her job at Merck while laying in her hospital bed at Jefferson and suffering from the debilitating effects of her migraines.

25. During and after her stay at Jefferson Hospital, Dr. Rudo continued to treat with her neurologist, Dr. Craig Gardner. Dr. Gardner submitted a letter to Defendant in support of Dr. Rudo's claim, which states as follows:

> Since January 2017, [Dr. Rudo] has had chronic debilitating migraines that impact her ability to focus and concentrate. She experiences extreme fatigue and a decrease in cognitive abilities during times of severe migraine that cause her an *inability to work*. She is completely disabled during her attacks. She is unable to concentrate, focus and demonstrates impaired memory functioning during times of migraine. Her migraines may be accompanied by dizziness, nausea, light sensitivity, severe throbbing pounding head pain that lasts more than 4 hours and gets worse with activity. These migraines and all of their symptoms are triggered by sitting at a desk, and staring at a computer screen. *She can no longer perform her essential job duties on a day-to-day basis*. (emphases added).

26. Despite the foregoing, Defendant wrongfully denied Dr. Rudo's appeal by letter dated June 7, 2017.

27. Defendant's denial was wrongful because the medical documentation submitted in support of the STD claim shows beyond any doubt that Dr. Rudo was Disabled under the terms of the Plan.

28. Indeed, Dr. Rudo had a supplemental non-ERISA disability policy Northwest Mutual, which defined disability the same as the Plan.

29. The administrator of the supplemental policy approved Dr. Rudo's claim and determined that the medical documentation submitted in support of the claim was sufficient to show that Dr. Rudo was disabled and unable to perform the day-to-day duties of her job from January 25 through May 31, 2017.

30. Dr. Rudo submitted the same documentation in support of her claim for disability under the supplemental policy as she submitted in support of her claim for STD under the Plan.

**COUNT I: ERISA**

31. The foregoing paragraphs of this Complaint are incorporated herein by reference as if fully set forth at length.

32. The Plan is an employee benefit plan within the meaning of Section 3 of ERISA, 29 U.S.C. § 1002(3).

33. Plaintiff is a participant in the Plan and is covered by the policies that provide STD benefits under the Plan.

34. Plaintiff was disabled under the terms of the Plan.

35. Defendant, through its agents and representatives, has failed and refused to provide the Plaintiff with the benefits she is entitled to receive as required by and consistent with the plain language and terms of the Plan.

36. The decisions to deny benefits were wrong under the terms of the Plan and lacking in any reasonable factual or medical basis.

37. The failure of Defendant to provide Plaintiff with the benefits she is entitled to receive pursuant to the Plan is a violation of the Plan and of ERISA.

38. Plaintiff has made demand upon the Defendant as required under and in compliance with the terms and conditions of the Plan to provide the benefits and coverage required under the Plan. Plaintiff has satisfied all prerequisites necessary for the filing of this Complaint.

39. As a direct and proximate result of the aforesaid denial of benefits, Plaintiff has sustained loss and damage.

40. Pursuant to Section 29 U.S.C. § 1132(a)(1)(B), Defendant is liable to the Plaintiff for the aforesaid loss and damages.

41. As a result of Defendant's denial, Plaintiff has been required to retain counsel and incur attorney fees and expenses to secure the benefits due under the terms of the Plan.

42. Pursuant to 29 U.S.C. § 1132(g)(1), this Court is authorized to award reasonable attorneys' fees and costs.

**WHEREFORE**, Plaintiff respectfully requests that this Court grant her the following relief:

(A) a finding in favor of Plaintiff against Defendant;

(B) damages in the amount equal to the short term disability benefits to which Plaintiff was entitled through date of judgment, for unpaid benefits pursuant to 29 U.S.C. § 1132(a)(1)(B);

(C) pre-judgment and post-judgment interest;

(D) Plaintiff's reasonable attorney fees and costs pursuant to 29 U.S.C. § 1132(g)(1); and

(E)  such other relief as this Court deems just and proper.

Date: August 28, 2017

Respectfully submitted,

**KREHER & TRAPANI LLP**

_____
Francesco P. Trapani, Esquire
PA Bar ID No. 209123
KREHER & TRAPANI LLP
1325 Spruce Street
Philadelphia, PA  19107
Phone (215) 907-7290
Fax (215) 907-7287
frank@krehertrapani.com

*Attorney for Plaintiff Sharon Rudo*